ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| CAROLINA ASSOCIATES LIMITED PARTNERSHIP, S.E. H/N/C TORRE DE LAS CUMBRES APTS. ADMINISTRADO POR PARTNERS BUSINESS SERVICES, LLC APELADO<br><br>v.<br><br>JULIANA MARÍA ISABEL MENCHACA APELANTE | KLAN202400949 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV03963<br><br>Sobre: Desahucio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

### SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 31 de enero de 2025.

Comparece ante esta Curia, la señora Juliana María Isabel Menchaca (señora Menchaca o apelante). Solicita que revoquemos la *Sentencia* que el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) notificó el 24 de julio de 2024.[1] Mediante el referido dictamen, el foro primario declaró con lugar la causa de epígrafe y ordenó su desalojo.

El 26 de noviembre de 2024, notificamos una *Sentencia* en la cual ordenamos la desestimación del presente recurso de apelación, por entender que, carecíamos de jurisdicción. En particular, ante el incumplimiento de la apelante con la notificación al foro primario, dentro del término de setenta y dos (72) horas, de la presentación de su recurso de apelación ante esta Curia, tal cual lo exige la Regla 14(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 14(B).

---

[1] Apéndice, págs. 40-48.

Número Identificador:
SEN2025_____

Evaluada la *Moción Solicitando Reconsideración de Sentencia* que insta la apelante y luego de dicha parte argumentar la justa causa para la notificación tardía, siendo este un término de cumplimiento estricto, determinamos acoger el petitorio de reconsideración. Sin embargo, mantenemos la desestimación del recurso, pero esta vez, por razón de ser prematuro. Lo antes, debido a que la notificación del dictamen recurrido es defectuosa. Veamos.

**I.**

El 1 de mayo de 2024, Carolina Associates Limited Partnership, S.E. h/n/c Torre de Las Cumbres Apts. administrado por Partners Business Services, LLC (apelado) incoó una *Demanda* sobre cobro de dinero e incumplimiento de contrato ante el TPI. En ella, solicitó el desahucio de la señora Menchaca ante su presunta falta de pago de los cánones de arrendamiento, correspondientes a la unidad de vivienda 208 del mencionado condominio.

Con posterioridad a que la apelante contestara la demanda, el apelado instó un petitorio sumario parcial al cual la apelante se opuso. Evaluado lo anterior, el foro primario emitió la *Sentencia* impugnada, mediante la cual declaró con lugar la *Demanda* y condenó a la apelante al pago de $790.00, más intereses legales a razón de 9.5% anual. Además, ordenó a la apelante sufragar $500.00 al apelado en honorarios de abogado por temeridad.

Inconforme, la apelante instó ante el TPI un petitorio de reconsideración del cual surge, entre otros, que es "madre jefa de familia de dos niños de siete y un año, que tiene condiciones de salud y una aguda vulnerabilidad económica."[2] Evaluado lo anterior, el foro primario se negó a reconsiderar.

Aún en desacuerdo, la apelante comparece ante nosotros mediante el presente recurso de apelación. En su recurso, impugna

---

[2] Entrada Núm. 23 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial, págs. 8-9.

el pronunciamiento del foro primario mediante tres (3) señalamientos de error y reitera el efecto que la determinación del TPI tendría sobre la apelante como jefa de familia y sobre sus hijos menores de edad. En respuesta, el apelado se opone y solicita su desestimación. Lo antes, bajo el fundamento de que la apelante no dio cumplimiento al término que dispone la Regla 14 de nuestro Reglamento, *supra,* sobre la notificación del recurso al foro primario.

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.*; *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Municipio de Aguada v. W. Construction, LLC y otro*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264, 273 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al

cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por estas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra. De conformidad, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

Como se sabe, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra. Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 25) (2019), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

**B. El desahucio**

Como se sabe, la acción de desahucio es el procedimiento especial de carácter sumario que tiene el dueño de una finca para recuperar judicialmente la posesión de un inmueble. *SLG Ortiz-Mateo v. ELA*, 211 DPR 772, 799 (2023). La acción de desahucio está reglamentada por el Artículo 725 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7863, y por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. Su objetivo es devolverle la posesión de hecho de un inmueble al dueño mediante el lanzamiento o expulsión del arrendatario o precarista que detenta la propiedad sin pagar el canon correspondiente. *SLG Ortiz-Mateo v. ELA,* supra, págs. 799-800.

Cabe señalar que, la acción de desahucio se tramita sumariamente, en respuesta al interés del Estado de atender con prontitud la reclamación del dueño de un inmueble de recobrar la posesión y disfrute de su propiedad. *Íd.* Cónsono con lo anterior, la Ley Núm. 86-2011, enmendó el Artículo 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831, con el objetivo de reducir el término para apelar una determinación del tribunal que autoriza el desahucio. A esos efectos, el Artículo 629 del Código de Enjuiciamiento Civil, *supra*, dispone:

> [l]as apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

Sobre la naturaleza sumaria de la acción de desahucio, el Tribunal Supremo ha expresado que:

> [l]a característica medular de un procedimiento civil sumario es lograr, lo más rápido y económicamente posible, la reivindicación de determinados derechos, reduciendo al mínimo constitucionalmente permisible el elenco de garantías procesales. Conlleva acortar términos -en ocasiones, hacerlos improrrogables- y prescindir de ciertos trámites comunes al proceso ordinario sin negar al demandado o querellado una oportunidad real de presentar efectivamente sus defensas. Se acepta que estos procedimientos sumarios, en el fondo, constituyen unos tratos privilegiados y que su justificación responde a un interés gubernamental legítimo de atender prioritariamente

ciertas causas de acción. Por ser la excepción, su aplicación está limitada a situaciones expresas en que la Asamblea Legislativa ha reconocido la necesidad y trascendencia de reparar, en un breve plazo, algún agravio. *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226, 234 (1992).

En lo atinente a la controversia ante nos, el Artículo 623 de la Ley de Procedimientos Legales Especiales, 32 LPRA sec. 2824, dispone que, si durante la vista de desahucio queda demostrado que el mandamiento es en contra de una familia "de probada insolvencia económica", el foro primario habrá de notificar a los Secretarios de los Departamentos de la Familia y de la Vivienda copia de la demanda de desahucio que se promueve. Lo antes, a modo de que las referidas agencias evalúen la condición socioeconómica de la familia y le ofrezcan la ayuda social que se justifique, sobre lo cual habrán de rendir un informe al tribunal.

Análogamente, el Artículo 632 de la Ley de Procedimientos Legales Especiales, 32 LPRA sec. 2836, exige que esté presente un funcionario del Departamento de la Familia cuando la familia contra la cual procede el desahucio haya sido declarada insolvente por el Tribunal. A esos efectos, el Artículo 632, *supra,* dispone:

> [e]n aquellos casos en que el tribunal haya determinado la insolvencia económica de la familia contra la cual procede el desahucio, se notificará con copia de la sentencia, inmediatamente, a los Secretarios de los Departamentos de la Familia y de la Vivienda, para que estas agencias continúen brindando sus servicios a la familia afectada. [...] No podrá verificarse el lanzamiento de ninguna familia de probada insolvencia económica, a menos que esté presente al momento de efectuarse el mismo, un funcionario del Departamento de la Familia y del Departamento de la Vivienda, designado por el Secretario de dicho Departamento, respectivamente, quien velará por la seguridad física y emocional de la familia desahuciada.

### III.

En su recurso, la apelante impugna la determinación del foro primario de declarar con lugar la *Demanda* de desahucio instada en su contra y ordenar su desalojo. Puntualizamos que, al examinar el expediente ante nuestra consideración nos percatamos de un asunto de índole jurisdiccional que amerita nuestra atención con prioridad, y así procederemos.

Surge del expediente que, la apelante hizo constar que es jefa de familia, que posee una "aguda vulnerabilidad económica" y conforme el dictamen apelado, se encuentra sujeta a un lanzamiento de su residencia donde vive con sus hijos menores de edad. En su consecuencia concluimos que, la apelante es económicamente insolvente. En atención a la insolvencia de la apelante y por ser esta jefa de familia, al emitir el mandamiento de desahucio en su contra, el foro primario venía obligado a notificar su dictamen al Departamento de la Familia y al Departamento de la Vivienda, de conformidad con los Artículos 623 y 632 de la Ley de Procedimientos Legales Especiales, *supra*. Sin embargo, constatamos del volante de notificación de la *Sentencia* impugnada[3] que, el TPI no notificó a las referidas agencias una copia de su dictamen ordenando el desalojo de la apelante y, con ello, el de sus dos hijos menores de edad. Ante la referida omisión, el pronunciamiento recurrido no ha surtido efecto. Por consiguiente, carecemos de autoridad para atender los méritos de la controversia de autos.

Cabe puntualizar que, ante notificaciones defectuosas, los términos de revisión aplicables no comienzan a cursar. Corolario de ello, procede desestimar el recurso de epígrafe a tenor de la Regla 83 (C) de nuestro Reglamento, *supra*.

**IV.**

Por los fundamentos previamente esbozados, desestimamos el presente recurso por falta de jurisdicción. En aras de garantizar mayor agilidad y economía procesal, devolvemos el caso ante Tribunal de Primera Instancia conforme lo aquí resuelto, sin necesidad de aguardar por la expedición del correspondiente mandato.

---

[3] Entrada Núm. 20 en SUMAC.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones. La Juez Barresi Ramos concurre con el resultado sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones